Donald J. Kennedy
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 238-8707
Fax: (212) 732-3232
*Attorneys for Petitioner Polsteam Shipping Company, Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration,<br><br>-Between-<br><br>Polsteam Shipping Company, Limited,<br><br>Petitioner,<br><br>-And-<br><br>Caytrans Project Services Ltd.,<br><br>Respondent. | 08 Civ. 5372 (DAB) |

**MEMORANDUM OF LAW IN SUPPORT OF PETITION TO COMPEL ARBITRATION IN LONDON AND STAY ARBITRATION IN NEW YORK**

Preliminary Statement

Petitioner Polsteam Shipping Company, Limited, respectfully submits this memorandum of law in support of its motion to compel arbitration in London and stay arbitration in New York, pursuant to the Federal Arbitration Act, 9 U.S.C. §1 et seq.

Facts

This matter is presently before the Court on the Petition of Polsteam Shipping Company, Limited (hereinafter "Petitioner"), disponent owner of the M/V Orla, for an order pursuant to 9 U.S.C. §§4 and 5 compelling charterer Caytrans Project Services Ltd. (hereinafter "Respondent"), to proceed to arbitration in London in accordance with the terms and conditions of a certain charter party contract, entered into between Petitioner, as disponent owner of the M/V Orla, and Respondent, as charterer.

As appears from the Petition, Petitioner and Respondent entered into a charter party contract dated 19 March 2007. Disputes have arisen under the charter party concerning Respondent's claim for hire paid but not earned and other claims in the amount of $118,777.22 and Petitioner's claim for layberth and towage expenses in the amount of $22,955.52.

On March 19, 2007, petitioner entered into a time charter for a trip with respondent for the use of the M/V Orla on a voyage from the U.S. Gulf to Cuba. A written charter party was not prepared but a copy of the fixture recap is annexed as Exhibit A to the Petition to Compel Arbitration (the "Petition").

The "fixture recap" provides, among other terms, for "English law to apply" and furthermore provides:

> "Otherwise as per C/P proforma MV 'Lucky Rose' C/P 21st December 2005 logically amended in accordance with the main terms and with the following changes . . ."

The C/P proforma MV "Lucky Rose", a copy of which is annexed to the Petition as Exhibit B, in Rider Clause 49, Arbitration, and provides as follows:

> "This Charter Party shall be governed by and construed in accordance with US law. Any dispute arising out of or in connection with this Charter Party or Bills Lading issued hereunder, shall be referred to arbitration in New York with SMA. The dispute to be settled by a single arbitrator who is to be appointed by the parties hereto. If the parties cannot agree upon the appointment of an arbitrator, the dispute shall be settled by three arbitrators, each party appointing one arbitrator, the third being appointed by the two so chosen. If the arbitrators fail to agree on the appointment of the third arbitrator, such appointment shall be made by the Society of Maritime Arbitrators (SMA).
>
> If either of the appointed arbitrators refuses or is incapable of acting, the party who appointed him shall appoint a new arbitrator in his place.
>
> If one party fails to appoint an arbitrator, either originally or by way of substitution, the Society of Maritime Arbitrators (SMA) shall, after application from the party having appointed his arbitrator, also appoint an arbitrator on behalf of the party in default.
>
> Disputes involving amounts less that USD 50,000 shall be settled according to the Small Claims Procedure.

The M/V Orla was duly tendered by Petitioner to Respondent in accordance with the terms and conditions of the charter party, and loaded a cargo of rice at Freeport, Texas, from where the vessel proceeded to Cuba where discharge of the cargo was completed.

On April 17, 2008, Respondent appointed as its arbitrator Mr. Alexis Nichols, of Scarsdale, New York, advised respondent of Mr. Nichol's appointment and requested that

petitioner name its arbitrator and proceed to arbitration in New York (Ex. C to the Petition).

Petitioner in a letter dated April 29, 2008 informed Respondent that a "hard copy" of the M/V Orla was not prepared and that in view of the parties agreement, "English Law to apply," the arbitration clause, Clause 49, should have been logically amended to provide for English arbitration (Ex. D to the Petition).

Accordingly, Petitioner requests that the Court compel Respondent to proceed to arbitration in London in accordance with the fixture recap as logically amended by the pro forma "Lucky Rose" C/P dated 21 December 2005 and stay the arbitration proceedings commenced by Respondent in New York.

<u>Argument</u>

Respondents are required by federal law to proceed with the arbitration in London. Sections 2, 3 and 4 of the Federal Arbitration Act, 9 U.S.C.

> Section 2 provides:
>
> Validity, Irrevocability, and Enforcement of Agreements to Arbitrate
>
> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Section 3 provides:

> Stay of Proceedings Where Issue Therein Referable to Arbitration
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Section 4 provides, in pertinent part, as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States District Court which save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. (Emphasis added.)

The applicable law and arbitration forum provisions in the C/P pro forma are contained in a single clause. If we are to change the applicable law provision of the clause, then the arbitration forum provision should be logically amended accordingly, and a change in dispute resolution situs, to London, should follow.

First, as a matter of basic contract interpretation, the arbitration forum should be changed to London. We should presume that the applicable law and arbitration forum provisions in the Lucky Rose C/P pro forma were purposefully integrated into one clause, and thus reflect a shared intent on behalf of the original parties to that pro forma that U.S. law was to be applied in an arbitration in New York. The parties to the M/V Orla fixture recap have agreed to change the applicable law from U.S. law to English law. In turn,

there is little if any reason to believe that the parties intended to preserve the second part of the integrated clause, arbitration in New York.

Second, in light of both parties' agreement that English law is to apply, there is a much stronger assurance of effective application of English law in an English arbitration than in a New York one since, first, the London forum would be in the same jurisdiction as the applicable law and, second, parties to English arbitration enjoy the protection of some form of reviewability, which helps to ensure that the arbitrator hews closer to the applicable law than a New York arbitrator might.

Third, when contracts specifically provide for an arbitration forum but do not specify applicable law, the applicable law is generally considered to be that of the arbitration forum. See Scherk v. Alberto-Culver Co., 94 S.Ct. 2449, 417 U.S. 506 (1974) (agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum selection clause that posits not only the situs of a suit but also the procedure to be used in resolving a dispute.) The generally sound presumption underpinning this is that an arbitrator or arbitration panel is best able to apply its own local body of law.

Applying this logic, it follows that when parties disagree on an arbitration forum, the forum that is more familiar with, and better able to apply, the agreed-upon body of law should be the forum chosen. See Societe General de Surveillance, S.A. v. Raytheon European Management and Systems Co., 643 F.2d 863 (1st Cir. 1981) (where parties agreed that French law applied but disputed whether arbitration forum should be Massachusetts or Switzerland, it was appropriate to remit dispute for resolution to Switzerland since arbitrators there would be more likely to be familiar with commercial

dealings in that area and with French law.) In the present case, as the parties have agreed on English law, in absence of an agreed-upon arbitration forum, the M/V Lucky Rose pro forma arbitration clause should be logically amended to provide for arbitration in England, the forum best able to properly apply English law.

Finally, per the affidavit of Marek Tkaczuk of Polsteam U.S.A. (hereinafter the "Tkaczuk Aff."), the broker in this contract, the parties did not specifically discuss the arbitration clause in the C/P in putting together the fixture recap, but did agree on English law as a main term of the recap, and not as a mere detail. Having agreed, as a main term of the fixture recap, that English law applied to the C/P, it logically follows that the arbitration forum should be amended "in accordance with main terms" of the recap to be in London. Mr. Tkaczuk states that to his recollection, in his career as a shipbroker, not one case based on English law specified a place for arbitration other than London. (Tkaczuk Aff., p. 4)

## Conclusion

Petitioner is entitled to a court order compelling Respondent to proceed to arbitration in London in accordance with the parties' fixture recap agreement and the relevant clauses of the governing charter party, as modified by the logical amendments to the pro forma "Lucky Rose" C/P dated 21 December 2005, together with an award of costs and attorneys' fees Petitioner has incurred in making this motion.

Dated: New York, New York
June 12, 2008

CARTER LEDYARD & MILBURN LLP
Attorneys for Polsteam Shipping Company, Limited

By: ______________________________
Donald J. Kennedy
Two Wall Street
New York New York 10005
Tel. 212-238-8707